## CLINT ROBERTS v. THE STATE.

### No. 1001.  Decided March 1, 1911.

**1.—Theft of Deed—Indictment—Value.**

Upon trial of theft of a deed, the court properly overruled a motion to quash the indictment on the ground that a written deed had no value. Following Martinez v. State, 16 Texas Crim. App., 122.

**2.—Same—Evidence—Value—Market Value.**

Upon trial of theft of a deed, there was no error in admitting testimony as to what it cost to have a deed like the one alleged to have been stolen written and executed, it being shown that the deed had no market value.

**3.—Same—Evidence—Ownership.**

Upon trial of theft of a deed, testimony, showing that the defendant executed a deed to the property conveyed in the deed alleged to have been stolen and conveyed the land described therein to another, was admissible to show acts of ownership by the defendant.

**4.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of theft of a deed, the evidence was direct, there was no error in the court's failure to charge on circumstantial evidence.

Appeal from the District Court of Jack.  Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of theft of a deed; penalty a fine of $300 and six months confinement in the county jail.

The following excerpt taken from the brief of the Assistant Attorney-General is substantially correct:  The testimony showed that defendant proposed to purchase certain lands from one J. C. Kirby; that in consideration thereof he was to pay him $9,500, and in part payment of the purchase price he was to turn over to Kirby certain notes which he claimed were due him, with the understanding that Kirby was to have time to investigate the value of said notes; that Kirby had prepared a certain deed by which he and his wife were to convey to defendant said land, provided the said Kirby found the consideration to be paid by defendant satisfactory to him; that the said Kirby and wife duly signed and acknowledged said deed to defendant and placed the same in the hands of one Jones to be held by him until said Kirby should make investigation as to the value of the said notes, after which the said Kirby was to deliver the said deed; that after said deed had been executed and deposited with said Jones, defendant without the consent and knowledge of said Kirby or said Jones secretly took said deed from the office of said Jones and had the same recorded in the county in which the land conveyed thereby was situated; that in a few days after he had taken the deed from said Jones defendant conveyed the tract of land described in said deed to his brother by deed properly executed, etc.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the appellant was indicted for theft of a deed, alleged to be the property of J. C. Kirby, and which had been placed in the hands of H. P. Jones. Upon a trial he was convicted of a misdemeanor, and his punishment assessed at six months imprisonment in jail and a fine of $300.

1. Appellant filed a motion to quash the indictment on the ground that a deed though written and acknowledged had no value, and was of no value to the person executing and acknowledging same and could not be the subject of theft. In Martinez v. State, 16 Texas Crim. App., 128, it is held:

"What is this proper standard in cases of theft? Mr. Bishop says: 'The word "value" is, like most others, even in legal language, slightly variable in meaning; but, ordinarily, for the purposes of this inquiry, it signifies the sum for which the like goods are, at the time, commonly bought and sold in the market. If a thing has a value to the owner, though to no one else, to steal it is larceny, its "value, as to the rest of the world," being, in the language of Grose, Judge, "immaterial." Still, in determining the grade of the offense, the value merely to the owner is not the standard for the jury. Yet, a thing not bought and sold in the market may have a value, as when it is an article fitted for a specific use of the owners, and worthless for every other purpose. To attempt to test it by the open market, where it is never offered for sale, and is never bought, would be absurd. In reason, the cost of replacing it would ordinarily be the standard of its value.'" (2 Bish. Crim. Prac., sec. 751.)

"Adopting the foregoing as the correct rule, the proper standard of value in this case was the market value of the saddle, if there was any market for such property. If it had no market value, then the amount that it would cost to replace it would be the standard of its worth." The court did not err in overruling the motion.

2. By bills of exception Nos. 3 and 4, defendant complains of the admissibility of the testimony of certain witnesses who testified what it cost to have a deed like that written and executed, and what it did cost J. C. Kirby to have the deed prepared. The court approves the bills with the statement that it had been proven, before this testimony was admitted, that the deed taken had no market value. As said in the decision above quoted, "If it had no market value, then the amount it would cost to replace it would be the standard of value."

3. In bills of exception Nos. 2 and 5, defendant complains of the admissibility of testimony showing that he executed a deed to the property conveyed in the deed alleged to have been stolen and undertook to and did convey the land to another. This was admissible to show that defendant was exercising acts of ownership under the deed alleged to have been stolen.

4. There was no error in the court not charging on circumstantial

evidence. A witness swore that he saw defendant pick up a paper at a point where the deed was placed, and carry it off with him. It is shown to have been filed for record, and the defendant is shown to have had another deed executed under it, conveying the land to another. There is positive testimony of defendant's possession of the deed alleged to have been stolen.

The judgment is affirmed.

*Affirmed.*